FILED
U.S. District Court
District of Kansas

AUG 14 2025

Clerk, U.S. District Court
By ____NAP____ Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ELISSA MERCER,
Plaintiff,
and
THOMAS STANOWSKI,
Plaintiff,

2:25-cv-02469-TC-TJJ

v.

HON. CATHERINE D. TRIPLETT, in her individual capacity (prospective relief only in official capacity);
CHARLES DROEGE, in his official capacity as Chief Judge (prospective relief only);
DAVID FAIRBANKS, in his individual capacity;
MICHELLE LOGSDON, in her individual capacity;
LAURA BREWER, in her official capacity as Court Administrator (prospective relief only),

Defendants.

Case No. _____

**COMPLAINT FOR VIOLATION OF CIVIL RIGHTS UNDER 42 U.S.C. §§ 1983 & 1985(2), AND CIVIL RICO, WITH JURY DEMAND**

**INTRODUCTION & NON-ABSTENTION STATEMENT**

This action seeks redress for independent federal violations of the First and Fourteenth Amendments: (a) orders entered without notice or hearing against a non-party; (b) retaliatory case manipulation and sanctions threats; and (c) hearings conducted during a stay and while a writ naming the presiding judge was pending. Plaintiffs do not seek federal appellate review of state-court judgments and do not ask this Court to vacate any state order. They seek prospective and declaratory relief to halt ongoing violations and damages from non-immune actors.

Declaratory relief is unavailable in the state forum: the same tribunal and staff accused here have refused to adjudicate Plaintiffs' recusal and stay motions; prospective injunctive relief is therefore proper against appropriate officers under 42 U.S.C. § 1983 (Ex parte Young).

Plaintiffs demand a jury on all triable issues.

**JURISDICTION AND VENUE**

Federal question jurisdiction: 28 U.S.C. §§ 1331, 1343(a)(3)–(4); civil RICO: 18 U.S.C. § 1964(c).

Venue is proper under 28 U.S.C. § 1391(b).

## PARTIES

Elissa Mercer and Thomas Stanowski reside in Johnson County, Kansas.

Judge Catherine D. Triplett is sued in her individual capacity (for non-judicial/administrative acts and declaratory relief) and for prospective relief in her official capacity as necessary. Plaintiffs do not seek money damages from judicial defendants for judicial acts.

Chief Judge Charles Droege (official capacity) and Court Administrator Laura Brewer (official capacity): prospective relief only.

Michelle Logsdon (individual capacity) — judicial assistant alleged to have executed retaliatory scheduling during stay/recusal posture.

David Fairbanks (individual capacity) — private attorney who acted jointly with state actors.

## FACTUAL BACKGROUND (CHRONOLOGICAL; EXHIBITS IN-LINE)

Nov. 19, 2024 – Hearing in Stanowski v. Stanowski, 20CV03397 (Ex. 1).

Dec. 11, 2024 – Final Order & No-Contact: Judge Triplett (a) stripped Thomas of joint legal custody solely because he refused to pay for a "case manager" he could not afford; and (b) imposed a blanket no-contact order against Mercer — a non-party — without motion, notice, hearing, or service (Ex. 2).

Feb. 24, 2025 – Writ Filed: Mercer filed a Writ of Mandamus in the Kansas Supreme Court, Case No. 128770, naming Judge Triplett (Ex. 6).

Mar. 11, 2025 – Stay Order: Triplett stayed decisions on pending motions pending the writ (Ex. 3).

May 12, 2025 – Hearing During Stay: Despite the stay, the court held a hearing; Thomas, who had said he would not attend due to the stay, received notice it would proceed. Triplett (i) expanded "legal custody" to include extracurriculars; (ii) cut Thomas's weekend time when extracurriculars occur; (iii) apologized to Erin in the proceeding; and (iv) said the stay did not apply (Ex. 9; recording available; transcript to be supplemented).

Aug. 12, 2025 – Orders Despite Stay: Triplett denied multiple motions (Ex. 4).

Aug. 12, 2025 – Sanctions Filing: Fairbanks filed Doc. 160 seeking sanctions and fees, repeatedly targeting Mercer although she was a non-party (Ex. 5).

Aug. 13, 2025 – Scheduling Despite Writ/Recusal: Judicial assistant Logsdon scheduled a CMC in Mercer's separate civil case JO-2025-CV-001219, notwithstanding the pending writ and unresolved recusal/stay motions (Ex. 7). The civil docket reflects reassignment to Triplett, removal of prior CMC, and ignored motions (Ex. 8).

Bad Faith / Extraordinary Circumstances: Proceeding during a stay, reassigning Mercer's civil case to the writ respondent, and scheduling while recusal/writ were pending constitute bad faith and harassment designed to chill protected petitioning, justifying federal intervention.

## CLAIMS FOR RELIEF

**Count I** — 42 U.S.C. § 1983: Procedural Due Process (Fourteenth Amendment)

Plaintiffs possess liberty interests in family integrity and parental rights. Defendants deprived them of those interests without notice or a meaningful opportunity to be heard by: (a) imposing a no-contact order on non-party Mercer with no motion, notice, or hearing (Ex. 2); (b) stripping Thomas's joint legal custody based solely on inability to fund a case manager (Ex. 2); and (c) conducting the May 12, 2025 hearing despite the Mar. 11 stay, without notice that the stay would be disregarded (Exs. 3, 9).

Defendants acting under color of law (Triplett, Logsdon; and Droege/Brewer for prospective relief) and private actor Fairbanks (joint action) are liable. Relief sought: damages against non-immune defendants; declaratory/prospective relief against appropriate officers.

**Count II** — 42 U.S.C. § 1983: Substantive Due Process (Fourteenth Amendment)

Defendants' actions are arbitrary and conscience-shocking: conditioning legal custody on unaffordable payments (Ex. 2), expanding "legal custody" to extracurriculars and reducing parenting time without cause (Ex. 9), and imposing restraints on a non-party without jurisdiction (Ex. 2). These actions violate substantive due process.

**Count III** — 42 U.S.C. § 1983: First Amendment Retaliation

Plaintiffs engaged in protected activity: Mercer's writ (Ex. 6), recusal and stay motions, and public petitioning. In response, Defendants escalated: (a) denial orders during the stay (Ex. 4); (b) retaliatory sanctions motion (Ex. 5); and (c) scheduling the CMC while writ/recusal were pending (Ex. 7). The timing and pattern would chill a person of ordinary firmness. Causation is plausible from temporal proximity and sequence.

**Count IV** — 42 U.S.C. § 1983: Conspiracy

Triplett, Logsdon, Fairbanks (and, for prospective relief, Droege/Brewer) agreed to maintain Triplett's control and to deter Plaintiffs' filings; overt acts include the May 12 hearing during a stay (Ex. 9), the Aug. 13 scheduling (Ex. 7), and sanctions filing (Ex. 5). Plaintiffs were thereby deprived of federal rights.

**Count V** — 42 U.S.C. § 1985(2): Conspiracy to Deter Party/Witness; Obstruct Access to Courts

Defendants conspired to deter and intimidate Plaintiffs from attending or testifying in court and from petitioning: scheduling hearings and conferences during a stay (Exs. 3, 9), and threatening

sanctions/fees (Ex. 5). Overt acts include Logsdon's Aug. 13 email (Ex. 7). Injury includes lost parenting time, costs, and chilled petitioning.

**Count VI** — Civil RICO, 18 U.S.C. §§ 1962(c) & (d) (particularized; business/property injury pleaded)

Enterprise: an association-in-fact of judicial office/staff and collaborating private counsel operating through the court's processes.

**Pattern of Racketeering Acts (Rule 9(b) particulars):**
a. December 11, 2024 — Defendant Hon. Catherine D. Triplett entered a Final Order in 20CV03397 removing Plaintiff Stanowski's joint legal custody solely for refusing to pay for a costly "case manager" he could not afford, and imposing a blanket no-contact order against Plaintiff Mercer without motion, notice, hearing, or service (Ex. 2). This order was transmitted to the parties via the court's electronic filing system (wire transmission) and was intended to coerce payment, restrict family contact, and confer advantage to the opposing party.

b. May 12, 2025 — While the March 11, 2025 stay order was in effect, Defendants conducted a hearing in 20CV03397 without notice to Plaintiff Stanowski (who had stated he would not attend to comply with the stay), during which Judge Triplett awarded attorney's fees to the opposing party (Ex. 9). The resulting journal entry was transmitted via the court's electronic filing system (wire transmission) and used to extract money and diminish parenting time despite lack of jurisdiction.

c. July 2025 — Defendants, through counsel David Fairbanks, filed motions in 20CV03397 seeking additional attorney's fees and sanctions against Plaintiffs, including a hearing scheduled for August 21, 2025 (Ex. 5). These filings were transmitted via the court's electronic filing system (wire transmission) and calculated to impose financial penalties and deter Plaintiffs from further petitioning activity.

**Scheme & Materiality:**
These coordinated acts form a continuous pattern of racketeering activity directed toward maintaining control over related litigation, coercing financial payments, and punishing Plaintiffs for engaging in protected petitioning. Each act involved the knowing use of materially false or procedurally improper orders or filings, transmitted via the court's electronic system, with the intent to mislead, impose unlawful restraints, and extract money. The pattern is related and continuous: the December 11, 2024 order initiated the coercive deprivation of rights; the May 12, 2025 hearing expanded the financial and parental harm during an active stay; and the July 2025 sanctions push aims to entrench those harms and further chill Plaintiffs' legal activity. These acts are not isolated errors but deliberate steps in a coordinated scheme spanning multiple months, each connected by purpose and participants, satisfying the relatedness and continuity requirements of 18 U.S.C. § 1961(5).

Business/Property Injury:

Plaintiffs incurred out-of-pocket costs (filing fees, printing, postage, transcript fees, transportation, and lost income from missed work) responding to the above transmissions and hearings. Emotional distress is not the RICO injury; these direct costs are.

Conspiracy (§ 1962(d)):

Defendants agreed to the scheme; the acts above furthered it. Plaintiffs seek treble damages under § 1964(c).

**REQUEST FOR RELIEF (TAILORED TO AVOID ABSTENTION/IMMUNITY)**

Plaintiffs respectfully request:

A. Declaratory Judgment that Defendants violated Plaintiffs' First and Fourteenth Amendment rights by: (i) entering restraints without notice/hearing (Ex. 2); (ii) conducting hearings during a stay (Ex. 9); and (iii) retaliatory scheduling/sanctions (Exs. 5, 7).

B. Prospective Injunction enjoining Defendants from enforcing or expanding any restraints against Plaintiffs unless and until the state tribunal affords constitutionally adequate notice and an opportunity to be heard before a neutral adjudicator, and enjoining retaliatory scheduling or sanctions while recusal or appellate review is pending.

C. Damages against non-immune defendants (Fairbanks, Logsdon, Triplett to the extent of non-judicial acts), including compensatory damages of $1,500,000 per Plaintiff, and punitive damages as allowed by law.

D. Treble Damages under 18 U.S.C. § 1964(c) for RICO injury to business/property.

E. Taxable costs as permitted by law.

F. Any further relief the Court deems just and proper.

**EXHIBIT LIST (filed with complaint)**

1. Nov. 19, 2024 Hearing – Journal Entry (20CV03397).
2. Dec. 2024 Final Order & No-Contact (20CV03397).
3. Mar. 11, 2025 Stay Order (20CV03397).
4. Aug. 12, 2025 Order Denying Motions (20CV03397).
5. Motion for Sanctions (Doc. 160, 20CV03397).
6. Kansas Supreme Court Docket — Case No. 128770 (Writ).
7. Aug. 13, 2025 Email from Michelle Logsdon scheduling CMC in JO-2025-CV-001219.
8. Civil docket JO-2025-CV-001219 (reassignment to Triplett; ignored motions).

9. May 12, 2025 Journal Entry (hearing during stay) — recording available; transcript to be supplemented.

**JURY DEMAND**

Plaintiffs demand trial by jury on all issues so triable.

Respectfully submitted this 14th day of August, 2025.

s/ Elissa Mercer
Elissa Mercer, Pro Se
1308 E 123rd Terr A
Olathe, KS 66061
913-396-1844
elissamercer1@yahoo.com

s/ Thomas Stanowski
Thomas Stanowski, Pro Se
1308 E 123rd Terr A
Olathe, KS 66061
561-542-6409
tomstanowski@yahoo.com

**CERTIFICATE OF SERVICE**

I certify that on August 14, 2025, I served the foregoing and all exhibits by U.S. Mail and by email to:

Hon. Catherine D. Triplett — catherine.triplett@kscourts.gov
Chief Judge Charles Droege — charles.droege@kscourts.gov
David Fairbanks — david@fairbankslawkc.com
Michelle Logsdon — Michelle.Logsdon@jocogov.org
Laura Brewer — laura.brewer@jocogov.org

If CM/ECF or Kansas eFile & Serve is available, I further certify filing there; otherwise service is effected as stated above.

s/ Elissa Mercer | s/ Thomas Stanowski