## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| ELISSA MERCER, et al., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  Case No. 25-cv-2469-TC-TJJ |
| | ) |
| | ) |
| HON. CATHERINE TRIPLETT, et al., | ) |
| | ) |
| Defendants. | ) |

### **MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiffs' Motion for Leave to File Supplemental Complaint (ECF No. 38). Plaintiffs seek to file a supplemental complaint pursuant to Fed. R. Civ. P. 15(d). Defendants filed their responses in opposition to the motion on October 15, 2025 (ECF Nos. 41 and 42). Plaintiffs did not timely file a reply brief. The motion is ripe for ruling.

### I.  Background

Plaintiffs bring this action against Judge Catherine Triplett, Chief Judge Charles Droege, Court Administrator Laura Brewer, David Fairbanks, and Michelle Logsdon. Plaintiffs allege their constitutional rights were violated throughout the course of a domestic relations case pending in Johnson County, Kansas District Court. Defendants have filed Motions to Dismiss on the bases that the judicial defendants are entitled to immunity, Plaintiffs' claims are barred by *Younger* abstention, the Court lacks jurisdiction over Plaintiffs' claims, and Plaintiffs otherwise fail to state a claim.

Plaintiffs now seek to supplement their Complaint pursuant to Fed. R. Civ. P. 15(d), claiming new events have occurred since the filing of the Complaint "that directly relate to the

ongoing retaliation, denial of due process, and collusion alleged in this action."[1] Defendants oppose allowing Plaintiffs to file their proposed supplemental complaint, arguing the proposed supplement is made in bad faith, futile, and subject to dismissal for the same reasons argued in their respective motions to dismiss. For the reasons stated below the Court denies Plaintiffs' Motion for Leave to File Supplemental Complaint.

## II.     Legal Standards

Requests to file supplemental pleadings are contemplated by Fed. R. Civ. P. 15(d). Rule 15(d) provides that "[o]n motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented . . . [and] may order that the opposing party plead to the supplemental pleading within a specified time." According to the Tenth Circuit, "Rule 15(d) gives trial courts broad discretion to permit a party to serve a supplemental pleading setting forth post-complaint transactions, occurrences or events."[2] Permission to file a supplemental pleading should be liberally granted unless good reason exists for denying such leave.[3]

The District of Kansas applies the same standard for deciding motions for leave to amend under Rule 15(a) when considering whether to grant leave to file a supplemental pleading under Rule 15(d).[4] Rule 15(a) provides "[t]he court should freely give leave [to amend the pleadings] when justice so requires." However, the court may deny leave to amend or supplement on the

---

[1] Pls.' Mot. for Leave to File Supplemental Compl., ECF No. 38, p. 1.

[2] *Walker v. United Parcel Service, Inc.*, 240 F.3d 1268, 1278 (10th Cir.2001).

[3] *Id.*

[4] *Klaassen v. Univ. of Kansas Sch. of Med.*, No. 13-CV-2561-DDC-KGS, 2016 WL 7117183, at *5 (D. Kan. Dec. 7, 2016).

grounds of undue delay, bad faith or dilatory motive by the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, or futility of the proposed amendment or supplement.[5]

If a proposed amendment or supplement would not withstand a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), or fails to state a claim upon which relief may be granted, the court may deny leave to amend or supplement.[6] "[T]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[7] A complaint or supplement thereof need only make a statement of the claim and provide some factual support to withstand dismissal.[8] It does not matter how likely or unlikely the party is to actually receive such relief, because for the purposes of dismissal all allegations are considered to be true.[9] The party opposing the amendment has the burden of showing the proposed amendment would be futile.[10] Additionally, in this District, bad faith has been defined as "a

---

[5] *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

[6] *Mochama v. Butler Cnty., KS,* No. 14-2121-KHV-TJJ, 2014 WL 3767685, at *1 (D. Kan. July 31, 2014) (citing *Fulton v. Advantage Sales & Mktg., LLC*, No. 3:11-CV-01050-MO, 2012 WL 5182805, at *2 (D. Or. Oct. 18, 2012)).

[7] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 at 570 (2007)).

[8] *Twombly*, 550 U.S. at 555.

[9] *Id.* at 556.

[10] *Layne Christensen Co. v. Bro-Tech Corp.*, No. 09-CV-2381-JWL-GLR, 2011 WL 3847076, at *5 (D. Kan. Aug. 29, 2011).

'dishonesty of belief, purpose, or motive.'"[11] The bad faith of the movant must be apparent from the record, and the party opposing amendment bears the burden of establishing bad faith.[12]

### III. Analysis

Plaintiffs' Motion to File Supplemental Complaint states "[t]he Supplemental Complaint does not add new defendants or unrelated claims; it simply updates the Court with post-filing facts that are directly relevant to the claims already pled."[13] However, this statement is inconsistent with the proposed supplemental complaint attached to Plaintiffs' Motion. Plaintiffs' proposed supplemental complaint, attached as Exhibit 1 to the motion, seeks to assert claims pursuant to 42 U.S.C. § 1983 against Johnson County Judge McEntee, who is not a party in the operative complaint, and additional claims against Defendant David Fairbanks.[14] The Court therefore analyzes whether these claims contained in the proposed supplemental complaint are proper.

The claims contained in the proposed supplemental complaint arise from a protection from abuse hearing in front of Judge McEntee, in which Defendant Fairbanks represented the opposing party. Plaintiffs allege Judge McEntee held Plaintiff Mercer in contempt and ordered her to serve 48-hours in jail due to representations made about a no contact order entered in a related state court proceeding. Plaintiff voluntarily dismissed the protection from abuse case, and the state court purged the contempt order.

---

[11] *Kramer v. Textron Aviation, Inc.*, No. 20-2341-HLT-GEB, 2022 WL 218750, at *5 (D. Kan. Jan. 25, 2022)

[12] *Grant Twp. v. Bd. of Cnty. Commissioners of Cnty. of Douglas Cnty., Kansas*, No. 24-2306-JAR-RES, 2024 WL 3898574, at *2 (D. Kan. Aug. 22, 2024)

[13] Pls.' Mot. for Leave to File Supplemental Compl., ECF No. 38, p. 1.

[14] *See* Pls.' Supplemental Complaint, ECF No. 38-1, p. 2 (asserting claims for relief for "[t]he actions of Judge McEntee and Defendant Fairbanks . . . in violation of 42 U.S.C. § 1983.").

4

Plaintiffs' claims contained in the proposed supplemental complaint against Judge McEntee would be futile regardless of whether they are brought against Judge McEntee in his personal or official capacity. The Eleventh Amendment bars suits in federal court against arms of the state and state officials who are sued in their official capacities unless the state waives its immunity, or its immunity is abrogated by Congress.[15] "District Court judges are state officials."[16] There is no evidence Judge McEntee consented to this suit, and "[i]t is well established that Congress did not abrogate the states' sovereign immunity when it enacted § 1983."[17] Additionally, to the extent Plaintiffs attempt to bring their claims against Judge McEntee in his personal capacity, he is entitled to judicial immunity. Except where a judge has acted in the clear absence of jurisdiction, the doctrine of absolute judicial immunity shields judges for their "official adjudicative acts."[18] Because the only allegations against Judge McEntee relate to the functions he performed as a judge, and Plaintiffs fail to allege he acted in the clear absence of jurisdiction, judicial immunity bars Plaintiffs' claims contained in the proposed supplemental complaint against Judge McEntee. Because Judge McEntee is entitled to Eleventh Amendment and judicial immunity for the claims contained in the proposed supplemental complaint, the supplement would be futile.

---

[15] *Allen v. St. Francis Ministries*, No. 23-1166-DDC-GEB, 2024 WL 2831606, at *3 (D. Kan. June 4, 2024); *Brooks v. Kobach*, No. 25-cv-3054-JWL, 2025 WL 1100048, at *3 (D. Kan. Apr. 14, 2025).

[16] *Roubideaux-Davis v. Klenda*, No. 24-3167-JWL, 2024 WL 4381227, at *2 (D. Kan. Oct. 2, 2024) *(*citing *Schroeder v. Kochanowski*, 311 F. Supp. 2d 1241, 1256 (D. Kan. 2004)).

[17] *Brooks*, 2025 WL 1100048 at *3.

[18] *Lundahl v. Zimmer*, 296 F.3d 936, 939 (10th Cir. 2002) (citing *Stump v. Sparkman*, 435 U.S. 349, 356–57 (1978)).

Plaintiffs' attempt to supplement their claims against Defendant Fairbanks also would be futile. Plaintiffs seek to plead additional § 1983 claims against Defendant Fairbanks, opposing counsel in Plaintiffs' state court case. However, the proposed supplemental complaint does not contain any facts indicating Defendant Fairbanks acted with the requisite state action to support a § 1983 claim.[19] Therefore, Plaintiffs' supplement as to Defendant Fairbanks also would be futile.

Finally, because Plaintiffs' proposed supplemental complaint concerns a concluded protection from abuse action heard in the state court, this court likely lacks jurisdiction to hear the claims contained in the proposed supplemental complaint under the *Rooker-Feldman* doctrine.[20]

Because the Court finds proposed supplementation to the Complaint futile, it will not make a determination as to whether Plaintiffs' proposed supplementation was made in bad faith. However, the Court cautions Plaintiffs that Federal Rules of Civil Procedure 11 applies to attorneys and pro se parties alike, requiring parties to certify filings "are not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation."[21] Failure to comply with Rule 11 may result in the imposition of sanctions.

IT IS THEREFORE ORDERED Plaintiffs' Motion for Leave to File Supplemental Complaint (ECF No. 38) is DENIED.

---

[19] *See Jiricko v. Frankenburg Jensen Law Firm*, 764 Fed. App'x 664, 669 (10th Cir. 2019) (finding plaintiff failed to offer the required specific factual allegations to state a § 1983 claim against opposing counsel).

[20] *Elliott v. Cowell*, No. 24-4063-TC-BGS, 2024 WL 3953097, at *4 (D. Kan. Aug. 8, 2024), *report and recommendation adopted*, No. 5:24-CV-4063-TC-BGS, 2024 WL 3950844 (D. Kan. Aug. 27, 2024) ("Pursuant to the *Rooker-Feldman* doctrine, a federal court does not have jurisdiction to review decisions of a state court or any claim inextricably intertwined with claims decided by a state court.").

[21] Fed. R. Civ. P. 11(b)(1).

7

**IT IS SO ORDERED.**

Dated December 30, 2025, at Kansas City, Kansas.

_____
Teresa J. James
U. S. Magistrate Judge
